**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**The DANEKER CLOCK COMPANY, INC., Respondent.**

No. 74–2097.

United States Court of Appeals, Fourth Circuit.

Submitted April 11, 1975.

Decided May 12, 1975.

Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, and John D. Burgoyne and Corinna Lothar Metcalf, Attys., National Labor Relations Board, for petitioner.

Charles E. Chlan, Towson, Md., for respondent.

Before ALDRICH,* BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

In this petition for review of a bargaining order, the primary issue is whether substantial evidence supports the National Labor Relations Board's de-

* Senior Circuit Judge of the First Circuit, sitting by designation.

cision that The Daneker Clock Company violated Section 8(a)(5) of the National Labor Relations Act by refusing, as a successor employer, to bargain with a union certified to its predecessor for production and maintenance employees.**

 The obligation to bargain with a certified union devolves on a successor owner as long as "the essential nature of the enterprise" remains substantially unchanged by the transfer. Tom-A-Hawk Transit, Inc. v. National Labor Relations Board, 419 F.2d 1025, 1026 (7th Cir. 1969); *accord* Overnite Transportation Co. v. NLRB, 372 F.2d 765 (4th Cir. 1967). The evidence discloses that the predecessor company went out of business ten days after the union was certified; that eight months later Daneker bought its plant, inventory, and trade name; that Daneker manufactures substantially the same products, using the same machinery; that more than half of Daneker's production employees had worked for its predecessor; and that the factory Daneker purchased had been owned by two of the predecessor's stockholders who are entitled to seats on Daneker's board of directors until the purchase money mortgage is paid. These facts provide substantial evidence that the nature of the enterprise has remained the same. *Cf.* National Labor Relations Board v. Burns Security Services, Inc., 406 U.S. 272, 92 S.Ct. 1571, 32 L.Ed.2d 61 (1972); National Labor Relations Board v. Polytech, Inc., 469 F.2d 1226 (8th Cir. 1972); National Labor Relations Board v. Zayre, 424 F.2d 1159 (5th Cir. 1970). The eight-month interval between the operations of the old and new companies, although a factor to be considered, does not conclusively establish that Daneker is not obliged to bargain as a successor employer. *See* National Labor Relations Board v. Polytech, Inc., *supra* ; C. G. Conn, Ltd., 197 NLRB 442 (1972), enforced, 474 F.2d 1344 (5th Cir. 1973); Norton Precision, Inc., 199 NLRB 1003, 1007 (1972).

Our examination of the briefs and the record reveals no merit in Daneker's other contentions. Accordingly, the petition to enforce is granted.

Enforced.

** The Daneker Clock Co., 211 NLRB No. 108 (1974).